By the Court, Bronson, J.
The relators rest their claim upon two grounds: 1. That no appeal would lie in this casej and 2. That the appeal was not duly made, because all of the canal commissioners did not concur in the act by subscribing *601 their names. The first objection is based on the fact that the revised statutes, which give an appeal from the canal appraisers to the canal board, only provide for an appraisement of damages in certain specified cases, among which this case is not included. (1 R. S. 225, § 45, 46 ; Slat, of 1836, p. 406, § 1, 8, 10.) And it is said that, inasmuch as this was not a case for appraisement at the time the appeal was given, the right of review does not exist. But an appeal is given in general terms: “ Every person having exhibited a claim for damages to the appraisers, or the canal commissioners, where they shall deem the interest of the state to require it, may enter an appeal from the decision of the appraisers on such claim, to the canal board” &c. (§ 60.) The words are broad enough to reach every case where the appraisers have passed upon a claim for damages ; and although the powers of the appraisers did not then extend to this particular claim, yet when their powers were subsequently enlarged, I see no good reason why the right of appeal should not attach without any special provision for that purpose. When an existing jurisdiction is enlarged so as to include new cases, it cannot always be necessary to declare that the old provision for a review shall apply to the new cases. If, for example, the jurisdiction of justices of the peace should be extended to actions of slander, I cannot doubt that the existing provisions for a review by certiorari and appeal would apply to cases coming under the enlarged, as well as those arising under the former jurisdiction of the court.
But whatever difficulty there might be, had the act of 1840 been silent upon this subject, there is enough in that act to show that the legislature intended there should be a right of appeal in this as well as in the other cases. It is made the duty of the appraisers, “ subject to the provisions of law respecting other canal appraisements, to appraise the damages” of the relators. I think the legislature had in view all “ the provisions of law respecting other canal appraisements,” including the right of appeal, as well as the mode of making the appraisement. And this construction is confirmed by the pro *602 vision which follows, that “ the sum awarded and finally settled, shall be paid to the claimants.” There is nothing to which the words “ finally settled” can be applied, unless it be the decision of the canal board on appeal from the appraisers. The decision of that board in such cases is declared final and conclusive. (§ 60.) I feel no difficulty therefore in saying that this case came within the jurisdiction of the canal board, provided there was a regular appeal.
Was the appeal duly made 1 By the statute, u the general care and superintendence of the canals” is vested in 66 the board of canal commissioners,” some of whom are designated as u acting commissioners.” (fi 9.) The board, as such, is charged with some duties ; but the actual supervision of the canals rests exclusively on the acting commissioners. And there is a further subdivision of their powers. Owing to the extent of the public works and the limited number of the acting commissioners, it is impossible that those officers should often be together, and both public and private interests render it indispensable that each commissioner should exercise the powers of all within a limited district. It has accordingly been provided, that “ the board shall from timé to time assign to each acting commissioner, in special charge, the line, or portion of the line, of one or more of the canals.” 28.) Jt was hardly necessary to add the 29th section, which enjoins particular duties upon each acting commissioner within his district; and the matters enumerated in the section may be regarded as a sample rather than a limitation of the powers of the officer. This claim for damages arose upon a section of the Erie canal which had been assigned “ in special charge” to Mr. Hudson, and I think it would have been enough for him to sign the appeal as acting commissioner, without adding the names of his associates. It is true that the appeal is given to the “ canal commissioners,” in the plural; (§ 60;) but this is so in relation to most of the other powers and duties of those officers ; and yet we see that when it comes to the matter of actual execution, those powers and duties are assigned to a single of *603 ficer. The care and superintendence of the canals is assigned, in general terms, to the commissioners collectively; but from the necessity of the case, the actual supervision within particular districts is given to a single officer.
It is fit, on more accounts than one, that the appeal should be prosecuted by the acting commissioner alone. He must often be the only one who has any particular information in relation to the merits of the claim. This is so because the question arises within the district under his £< special charge,” and for the further reason that he is to have notice of the meeting of the appraisers, and it is made the duty of one of the acting commissioners, either in person or by an agent, to attend before the appraisers in behalf of the state on the hearing of the claim. (Act of 1836, § 4, 5.) It is also well, on another account, that the appeal should be brought by the acting commissioner alone. He has no voice as a member of the canal board when the case comes under review; (Act of 1836, § 8;) and thus the matter is brought before officers who are wholly uncommitted in relation to the merits of the claim, which could not be the case if all of the commissioners must necessarily join in the appeal.
I think it is enough that the appeal was signed by the acting commissioner. But if there be any doubt upon that question, still the appeal was clearly regular. The names of all the commissioners were affixed to it, and although Messrs. Buggies and others did not sign with their own hands, they signed by the hand of Mr. Hudson. He had express authority to use their names. Although the words of the statute are, that the commissioners may enter an appeal C£ where they shall deem the interest of the state to require it(§ 60 ;) yet the bringing of the appeal was not such a judicial act as precluded a delegation of the power. If the same words are not always used, they are always implied where public officers are authorized to bring a suit or appeal, or prosecute a writ of error on behalf of the people ; and where there is nothing in the statute to forbid it, it cannot be doubted that one of the officers may autho *604 rize another to affix his name to the appeal, employ counsel, or do any other act of the like kind which may be necessary to the regular prosecution of the suit or proceeding.
We are of opinion that the canal board might take, and that it actually acquired jurisdiction of the case by the appeal; and as the decision of that board is final and conclusive, (§ 60,) the claim which the relators set up to the difference in amount between the original appraisement and the sum as “ finally settled,” cannot be maintained.
Judgment for the defendants.